Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Jamey Burdick

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Jamey Burdick**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**George Henry's Plumbing, Heating and Cooling, LLC**, a limited liability company, **Michael Root** and **Sharon Root**, husband and wife,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Jamey Burdick, for his Verified Complaint against Defendants, hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is brought to recover unpaid overtime wage compensation,

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

5. At all relevant times to the matters alleged herein, Plaintiff Jamey Burdick resided in the District of Arizona.

6. Plaintiff was a full-time employee of Defendants from in or around May of 2016 until on or about October of 2016.

7. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

8. George Henry's Plumbing, Heating and Cooling, LLC is a limited liability company, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

9. Defendant Michael Root is an Arizona resident. He has directly caused events to take place giving rise to this action. Michael Root is the owner of George Henry's Plumbing, Heating and Cooling, LLC.

10. Defendant Sharon Root is an Arizona resident. She has directly caused events to take place giving rise to this action. Sharon Root is the owner of George Henry's

Plumbing, Heating and Cooling, LLC.

11. Defendants Michael Root and Sharon Root are, upon information and belief, husband and wife. They have caused the events to take place giving rise to this action as to which their marital community is fully liable.

12. Under the FLSA, Defendants Michael Root and Sharon Root are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Michael Root and Sharon Root are the owners of George Henry's Plumbing, Heating and Cooling, LLC. They determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of George Henry's Plumbing, Heating and Cooling, LLC in relation to the company's employees, Michael Root and Sharon Root are subject to individual and personal liability under the FLSA.

13. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**FACTUAL ALLEGATIONS**

16. Defendant George Henry's Plumbing, Heating and Cooling, LLC is a plumbing, heating and air-conditioning/HVAC installation and service company.

17. On or around May 2016, Plaintiff began employment with Defendants as a plumber.

18. From May 2016 until October 2016, Plaintiff was paid a rate of $25.00 per hour.

19. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

20. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.

21. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

22. For example, Plaintiff worked at least 47 hours of overtime during the pay period of June 26, 2016 – July 9, 2016 and was only compensated straight time for all such overtime hours worked (in excess of 40 hours in each given workweek).

23. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

24. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

25. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA willful.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

26. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

27. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

28. Plaintiff was an employee entitled to the statutorily mandated overtime wages.

29. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

30. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

31. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

32. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

33. Defendants have not made a good faith effort to comply with the FLSA.

34. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following act:

i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by

failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 30, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd, Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Jamey Burdick

## VERIFICATION

Plaintiff Jamey Burdick declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Jamey Burdick